# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ROBERT JAMES CONANT, | : Case No. 2:23-cv-1148 |
| Plaintiff, | : District Judge Edmund A. Sargus, Jr. |
| vs. | : Magistrate Judge Caroline H. Gentry |
| NOBLE CORRECTIONAL INSTITUTION, et al., | : **ORDER AND REPORT AND RECOMMENDATION** |
| Defendants. | : |

Plaintiff, a prisoner at the Chillicothe Correctional Institution, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against the Noble Correctional Institution, Officer David Freeman, and Officer Shayna Bishop. (Doc. 1). By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## Screening of Plaintiff's Complaint

### A. Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)).  To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31.  *See also* § 1915A(b).  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Allegations in the Complaint

Plaintiff alleges that on March 31, 2021, defendants Freeman and Bishop subjected him to excessive force. Plaintiff claims that on that date he was walking to the restroom when Freeman confronted and threatened him before slamming plaintiff's head and face into a wall. According to plaintiff, he was slammed to the ground and knocked unconscious. Plaintiff alleges that while he was unconscious, defendant Bishop sprayed him in the face with mace. (Doc. 1 at PageID 5). As relief, plaintiff seeks monetary damages. (*Id.* at PageID 6).

C. **Analysis**

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff's excessive force claims against defendants Freeman and Bishop are deserving of further development and may proceed at this juncture.

However, the complaint should be dismissed against the remaining defendant, the Noble Correctional Institution. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See also, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002). Accordingly, the Noble Correctional Institution should be dismissed as a defendant to this action.

In sum, the undersigned recommends that plaintiff may proceed with his Eighth Amendment excessive force claims against defendants Freeman and Bishop. However, plaintiff has failed to provide summons and U.S. Marshal forms for service on these defendants. It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit

4

completed summons and U.S. Marshal forms for defendants Freeman and Bishop. Once the Court receives the requested forms, the Court will order service of process by the U.S. Marshal.

Because plaintiff has failed to state a claim upon which relief may be granted against the Noble Correctional Institution, all claims against this defendant should be dismissed.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's claims in the complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of plaintiff's Eighth Amendment excessive force claims against defendants Freeman and Bishop.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff shall, **within thirty (30) days** of the date of this Order, submit completed summons and U.S. Marshal forms for service on defendants Freeman and Bishop. Once the Court receives the requested summons and U.S. Marshal forms, the Court will order service of process by the U.S. Marshal.

2. The Clerk of Court is **DIRECTED** to send plaintiff summons and U.S. Marshal forms for this purpose.

3. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for

consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: May 17, 2023                                    */s/ Caroline H. Gentry*
                                                      Caroline H. Gentry
                                                      United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).