IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT JAMES CONANT, | : | Case No. 2:23-cv-01148 |
| Plaintiff, | : : | District Judge Edmund A. Sargus, Jr. |
| vs. | : : | Magistrate Judge Caroline H. Gentry |
| NOBLE CORR. INST., *et al.*, | : : | |
| Defendants. | : : : | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an Ohio inmate who is proceeding without the assistance of counsel, filed this civil rights action under 42 U.S.C. § 1983. This matter is now before the Court to address Plaintiff's Amended Complaint (Doc. No. 12), Defendant Freeman's Motion to Strike (Doc. No. 13), Plaintiff's Request for Injunctive Relief (Doc. No. 15), Plaintiff's Motion for Leave of Court to Supplement (Doc. No. 17), and issues relating to service.

I.     **PROCEDURAL BACKGROUND**

Plaintiff was previously incarcerated at the Noble Correctional Institution ("NCI"), where Defendants Freeman and Bishop worked as correctional officers. In his Complaint, Plaintiff alleged that on March 31, 2021, he was walking to the restroom when Defendant Freeman confronted and threatened him before slamming Plaintiff's head and face into a wall. (Doc. 1, PageID 5.) Plaintiff alleged that he was slammed to the ground and knocked unconscious, and that while he was unconscious, Defendant Bishop sprayed him

1

in the face with mace. (*Id*.) Plaintiff did not identify any constitutional claims in his Complaint. (*Id*.) He sought unspecified compensatory damages. (*Id*. at PageID 6.)

Upon initial screening pursuant to 28 U.S.C. §§ 1915 and 1915A, the undersigned construed Plaintiff's Complaint as asserting excessive force claims under the Eighth Amendment to the United States Constitution. The undersigned recommended that those claims be dismissed against Defendant NCI and be allowed to proceed against Defendants Freeman and Bishop. (Doc. No. 7, PageID 30.) District Judge Sargus agreed and issued an Order that stated: "[T]his Court **ADOPTS** the Report and Recommendation (ECF No. 7) and **DISMISSES** with prejudice all claims in this action except for plaintiff's Eighth Amendment excessive force claims against defendants Freeman and Bishop." (Doc. No. 11 (emphasis added).)

The Clerk attempted to serve both Defendants but that attempt was apparently unsuccessful. (Doc. Nos. 14 & 18.) Nevertheless, Defendant Freeman appeared in this action and filed an Answer through counsel. (Doc. No. 10.)

## II.     AMENDED COMPLAINT (DOC. NO. 12)

Nineteen days after Defendant Freeman filed his Answer, Plaintiff filed an Amended Complaint (Doc. No. 12). Because he filed his Amended Complaint within the twenty-one-day period after service of a responsive pleading, Plaintiff was entitled to file it without first obtaining leave of Court. Fed. R. Civ. P. 15(a)(1)(B).

In his Amended Complaint, Plaintiff included the same factual allegations against Defendants Freeman and Bishop. He also asserted new factual allegations, namely: NCI's Inspector and other staff downgraded his informal complaints and grievances to "kites,"

2

NCI's Warden and his designees provided inadequate supervision to Defendants Freeman and Bishop, and the medical staff at both NCI and the Chillicothe Correctional Institution ("CCI") were deliberately indifferent to his medical injuries caused by the incident. (Doc. No. 12, PageID 54 & 56.) Based in large part upon these new factual allegations, Plaintiff added new defendants, new constitutional claims (equal protection, deliberate indifference to medical need, and denial of his right to petition the government for a redress of grievances), and new requests for relief (medical treatment of his neck and shoulder and $2 million in compensatory damages).

The Court notes that Plaintiff's claims in this lawsuit *are limited* to those asserted in the Amended Complaint. In his Request for Injunctive Relief (Doc. No. 15), Plaintiff stated that he is asserting a First Amendment retaliation claim against CCI (not NCI) because he received twenty-three disciplinary tickets in fourteen months. (*Id*. at PageID 79.) However, because Plaintiff did not include this purported claim in the Amended Complaint, it is not properly before this Court and will not be further considered.

### III.     DEFENDANT FREEMAN'S MOTION TO STRIKE (DOC. NO. 13)

Defendant Freeman filed a Motion to Strike Plaintiff's Amended Complaint ("Motion to Strike," Doc. No. 13) in which he argued that Plaintiff's claims against the newly added defendants are time-barred. (*Id*. at PageID 62-63.) This Motion to Strike is procedurally improper for at least two reasons.

As an initial matter, the proper vehicle for challenging the merits of a claim is a Rule 12(b)(6) motion to dismiss, not a Rule 12(f) motion to strike. When one party "disagrees with the factual contentions or the legal consequences" of another party's

3

pleading, the appropriate remedy to seek is a ruling on the merits, "not the striking of that document." *Todd v. City of Zanesville Police Dep't*, No. 2:05-CV-01076, 2006 WL 1027756, at *2 (S.D. Ohio April 19, 2006) (Frost, D.J.). Thus, as Defendant Freeman himself notes, "[w]here allegations in a complaint are clearly time-barred, ***dismissal under Fed. R. Civ. P. 12(b)(6)*** is appropriate." (Doc. No. 13, PageID 62 (emphasis added) (citing to *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)).)

More importantly, Defendant Freeman lacks standing to challenge the merits of claims that are directed against other defendants, rather than against him. *Newsom v. Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1006 (N.D. Cal. 2010) ("Although this claim is alleged against MERS . . . only Countrywide seeks its dismissal. However, Countrywide lacks standing to seek the dismissal of a claim in which it is not named as a defendant." (internal citations to the record omitted)). Defendant Freeman also cannot raise and make arguments with respect to such claims. *Haley v. Ornelas*, No. CV-16-03177, 2016 WL 11519291, at *3 (C.D. Cal. Dec. 21, 2016) ("To the extent Defendant County seeks to make arguments on behalf of Defendant Ornelas . . . , the Court declines to address [them]. . . . Defendant Ornelas has not appeared in this action. Defendant County may not properly act as a surrogate . . . ").

For these reasons, Defendant Freeman's Motion to Strike (Doc. No. 13) is **DENIED**. Pursuant to Rule 12(a)(4)(A), Defendant Freeman shall file his answer to the Amended Complaint within **FOURTEEN (14) DAYS** from the date of this Order.

**IV. INITIAL SCREENING PURSUANT TO 28 U.S.C. §§ 1915 AND 1915A**

Next, the undersigned Magistrate Judge will conduct an initial screen of Plaintiff's Amended Complaint. Because the Court's Order screening Plaintiff's Complaint (Doc. No. 7, PageID 27-29) described the applicable legal standards, they will not be repeated here. Briefly, because Plaintiff is a prisoner who is proceeding *in forma pauperis*, this action is subject to the requirements of the Prison Litigation Reform Act of 1995. Thus, the Court must dismiss any portion of Plaintiff's Amended Complaint that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from a party immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

When conducting this screening, the Court will apply the rule that filings by *pro se* litigants are "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (internal citations omitted). However, even a *pro se* complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying the *Iqbal* and *Twombly* standards to dismissals for failure to state a claim under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

As noted above, Plaintiff's Amended Complaint adds new factual allegations, claims and defendants—many of which involve conduct that is unrelated to the March 31, 2021 incident. The Court will first consider Plaintiff's new claims that are unrelated to the March 31, 2021 incident, and then will consider those that arguably are related.

### A. Claims Against New Defendants That Are Unrelated To The March 31, 2021 Incident.

In the Amended Complaint, Plaintiff asserts claims against new Defendants based on the following alleged conduct that is unrelated to the March 31, 2021 incident: (1) NCI's Inspector and John Doe/Jane Doe staff members have unlawfully downgraded his informal complaints and grievances to "kites" (excluding, for purposes of this analysis, any informal complaints or grievances related to the March 31, 2021 incident); and (2) John Doe/Jane Doe medical staff at both NCI and CCI have been deliberately indifferent to his need for medical treatment (excluding, for purposes of this analysis, Plaintiff's need for medical treatment in the immediate aftermath of the March 31, 2021 incident).

These claims should be dismissed because these Defendants are improperly joined in this lawsuit. Where, as here, a plaintiff sues multiple defendants, he should only be permitted to proceed with those claims if his pleading complies with Federal Rule of Civil Procedure 20(a). Under Rule 20(a)(2), a plaintiff may only sue multiple defendants in one lawsuit "if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of *the same* transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A) & (B) (emphasis added).

In other words, Plaintiff cannot bring this lawsuit against multiple Defendants for conduct that relates to different transactions or occurrences. To decide whether the transactions or occurrences underlying Plaintiff's claims are either different or the same, the Court must examine whether "the same issues of fact would determine both claims."

*LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa v. Alexander*, 414 F.2d 143, 151 (6th Cir. 1969) (internal quotations and citation omitted). If "the proof of one claim would have no connection with the proof of the other," then "the claims do not arise out of the same transaction or occurrence" and Plaintiff should not be permitted to proceed with his unrelated claims against these newly added Defendants. *Id*.

By definition, all claims in this category (i.e., those unrelated to the March 31, 2021 incident) are not based upon the same transaction or occurrence that is described in Plaintiff's Complaint. That is, "the proof of one claim [against Defendants Freeman and Bishop] would have no connection with the proof of the[se] other" claims. *Alexander*, 414 F.2d at 151. Therefore, Rule 20(a)(2) does not permit Plaintiff to sue these newly added Defendants in this lawsuit. *Perry v. Erdos*, No. 1:22-CV-178, 2023 WL 2781585, at *2 (S.D. Ohio Apr. 5, 2023), *report and recommendation adopted*, No. 1:22-CV-178, 2023 WL 6370421 (S.D. Ohio Sept. 30, 2023) (explaining that under Rule 20(a)(2) a plaintiff cannot "combine into one lawsuit unrelated claims against different defendants" (internal quotations and citation omitted)).

Separately, the Court notes that when cases are filed by prison inmates, the Prison Litigation Reform Act ("PLRA") requires them to pay the required filing fees (albeit over time) and also imposes a three-strike rule to deter frivolous lawsuits. Courts therefore require prison inmates to file separate lawsuits to assert unrelated claims against different defendants, so that they cannot sidestep these requirements of the PLRA. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Brown v. Blaine*, 185 F. App'x 166, 168-69 (3d Cir. 2006). For this reason, too, Plaintiff cannot amend his Complaint to add

7

unrelated claims against additional defendants. If Plaintiff wishes to pursue these claims against these newly added Defendants, he must do so in a separate lawsuit.

Accordingly, the undersigned **RECOMMENDS** that all claims in the Amended Complaint against newly added Defendants that are unrelated to the March 31, 2021 incident be **DISMISSED WITHOUT PREJUDICE.**

**B.  Claims Against New Defendants That Are Related To The March 31, 2021 Incident.**

Construing the Amended Complaint liberally, as this Court is required to do, Plaintiff has added the following claims *against new defendants* based upon the March 31, 2021 incident: (1) the NCI Warden and unspecified John Doe or Jane Doe officers inadequately supervised Defendants Freeman and Bishop; (2) NCI's Inspector and other John Doe/Jane Doe staff members unlawfully downgraded his informal complaints and grievances related to the March 31, 2021 incident to "kites"; and (2) John Doe/Jane Doe medical staff at NCI were deliberately indifferent to his need for medical treatment in the immediate aftermath of the March 31, 2021 incident.

These newly asserted claims are potentially barred by Ohio's two-year statute of limitations, which applies to actions brought under 42 U.S.C. § 1983. *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). Claims that are time-barred should be dismissed. The question, therefore, is whether one or more of these claims "relate back" to the date on which the Complaint was filed, and thus are not barred by the statute of limitations. *See* Fed. R. Civ. P. 15(c)(1)(C).

Under some circumstances, Rule 15(c) permits plaintiffs to amend their pleading to add new claims that relate back to the date the original complaint was filed and so are not barred by a statute of limitations. Where, as here, a plaintiff amends his complaint to add new defendants, he must satisfy two requirements set forth in Rule 15(c)(1)(C) to take advantage of this relation back rule.

The first requirement is that Plaintiff show that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B) (incorporated by reference in Fed. R. Civ. P. 15(c)(1)(B)). Because all claims in this category of the Court's analysis are based upon the same transaction or occurrence that is described in Plaintiff's Complaint (i.e., the March 31, 2021 incident), this requirement is met.

The second requirement is that Plaintiff show that before the 90-day period to serve the original Complaint expired, each newly added Defendant "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

Turning to the docket in this case, Plaintiff filed his Complaint on March 27, 2023. (Doc. No. 1.) It was not until May 17, 2023, however, that the undersigned Magistrate Judge recommended that Plaintiff's Eighth Amendment claims against Defendants Freeman and Bishop be allowed to proceed, and ordered Plaintiff to submit completed summons and U.S. Marshal forms for service. (Doc. No. 7.) At the latest, therefore, the

90-day service period established by Rule 4(m) ended on August 15, 2023. Plaintiff filed (but did not serve) his Amended Complaint on August 14, 2023. (Doc. No. 12.)

Therefore, to satisfy the second requirement in Rule 15(c)(1)(C), Plaintiff must show that the newly added defendants—namely, the NCI Warden and the unknown Jane Doe and John Doe officers and medical personnel: (1) received notice of this lawsuit by no later than August 15, 2023, and (2) knew or should have known by that date that this lawsuit would have been brought against them, but for a mistake concerning their identity. Fed. R. Civ. P. 15(c)(1)(C).

There is no indication in the record that the newly added Defendants received notice of this lawsuit before August 15, 2023. But even assuming *arguendo* that they did, Plaintiff still could not show that these Defendants knew or should have known that this lawsuit would have been brought against them but for a mistake concerning their identity. Fed. R. Civ. P. 15(c)(1)(C). The Complaint only challenged actions taken by Defendants Freeman and Bishop. Nowhere in his Complaint did Plaintiff allege that NCI personnel inadequately supervised Defendants Freeman and Bishop, failed to provide medical treatment, or downgraded his informal complaints and grievances to kites. (Doc. No. 1.) Thus, none of the newly added Defendants reasonably should (or could) have known that this lawsuit would have been brought against them but for a mistake concerning their identity. These new claims therefore do not relate back under Rule 15(c)(1)(C) and they are time-barred.

This conclusion is supported by the governing case law. The word "[m]istake means an actual mistake." *Brown v. Cuyahoga Cty.*, 517 F. App'x 431, 435 (6th Cir.

2013). It also means "[a]n error, misconception, or misunderstanding; an erroneous belief." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010) (quoting Black's Law Dictionary 1092 (9th ed. 2009)). Plaintiff did not make a mistake when he chose to sue only Defendants Freeman and Bishop for their alleged use of excessive force, and did not choose to sue the newly added Defendants for their conduct. "[M]aking a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." *Id*. at 549.

Because Plaintiff cannot satisfy the requirements in Rule 15(c)(1)(C), his related claims against newly added Defendants are time-barred and should be dismissed with prejudice. Accordingly, the undersigned **RECOMMENDS** that all claims in the Amended Complaint against newly added Defendants that are related to the March 31, 2021 incident be **DISMISSED WITH PREJUDICE.**

    **C.    Claims Against Defendants Freeman And Bishop That Are Related To The March 31, 2021 Incident.**

Plaintiff's Amended Complaint states: "Offices Freeman and Bishop subjected me to excessive force . . . which violated my constitutional . . . right to equal protection." (Doc. No. 12, PageID 56.) The Court understands Plaintiff to be asserting additional claims against Defendants Freeman and Bishop for violations of the Equal Protection Clause of the Fourteenth Amendment.

To state a claim for relief under the Equal Protection Clause, Plaintiff must allege that he is a member of a protected class, *see LRL Properties v. Portage Metro. Hous.*

*Auth.*, 55 F.3d 1097, 1111 (6th Cir. 1995), and also allege "that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (internal citation omitted). Plaintiff's Amended Complaint contains no factual allegations that satisfy these requirements. Plaintiff therefore has not alleged a plausible equal protection claim.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's equal protection claim in the Amended Complaint against Defendants Freeman and Bishop be **DISMISSED WITHOUT PREJUDICE.**

V.  **PLAINTIFF'S MOTION FOR LEAVE OF COURT (DOC. NO. 17)**

Plaintiff filed a document titled Motion for Leave of Court to Supplement Tolling Reasons and Reply In Contra to Defendant Freeman's Reply Opposing Defendant's Motion to Strike Amended Complaint ("Motion for Leave of Court," Doc. No. 17). In that document, Plaintiff argues that he only recently learned about some of the facts supporting his excessive force claims against Defendants Freeman and Bishop, and that the statute of limitations should be equitably tolled with respect to those claims.

Plaintiff apparently made this argument in response to Defendant Freeman's assertion that claims in the Amended Complaint are barred by the statute of limitations. However, the Court understands Defendant Freeman to be asserting only that Plaintiff is time-barred from asserting claims against any new defendants. (Doc. No. 13, PageID 62 ("Plaintiff is time-barred under the statute of limitations in naming any additional

12

defendants.").) Defendant Freeman has not moved to dismiss Plaintiff's claims in the original Complaint—that is, Plaintiff's excessive force claims against both him and Defendant Bishop—on the basis that they are barred by the statute of limitations.

Accordingly, the Court **CLARIFIES** that Plaintiff's excessive force claims under the Eighth Amendment against Defendants Freeman and Bishop are permitted to proceed in this lawsuit at this juncture, and there is no need for equitable tolling. Plaintiff's Motion for Leave of Court (Doc. No. 13) is **DENIED** as moot.

## VI. PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF (DOC. NO. 15)

Plaintiff also filed a document titled Reply to Defendant Freeman's Motion to Strike Amended Complaint and Request for Restraining Order and/or Injunctive Relief ("Request for Injunctive Relief," Doc. No. 15). As the title suggests, that document both responded to the arguments raised in Defendant Freeman's Motion to Strike (Doc. No. 13) and asked the Court to issue "a restraining order and/or injunctive relief against CCI and [the Ohio Department of Rehabilitation and Correction] to keep them from further hindering [Plaintiff] from exercising [sic] his First Amendment Constitutional right to complain through internal prison remedies." (Doc. No. 15, PageID 82.)

As noted above, Plaintiff did not assert a First Amendment retaliation claim against CCI in his Amended Complaint; instead, he only referred to it in the Request for Injunctive Relief. Because Plaintiff did not include this claim in the Amended Complaint, he cannot obtain any type of relief (including injunctive relief) with respect to it. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Request for Injunctive Relief (Doc. No. 15) be **DENIED**.

## VII. FAILURE OF SERVICE ON DEFENDANT BISHOP

Finally, the Court turns to the issue of service. Defendant Freeman has filed a responsive pleading (Doc. No. 10) and therefore has waived any defects in service. Fed. R. Civ. P. 12(b)(5). With respect to Defendant Bishop, however, the envelope that the Clerk of Court mailed to her place of employment was returned with the notation "no longer employed." (Doc. No. 18.) Accordingly, Defendant Bishop has not been served.

Federal Rule of Civil Procedure 4(m) imposes a 90-day deadline to serve defendants. That deadline expired months ago. But as a *pro se* prisoner proceeding *in forma pauperis*, Plaintiff is "reliev[ed] . . . of the burden to serve process" and need only take "reasonable steps" to identify the defendants. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). By providing Defendant Bishop's full name and place of employment, he did so. Thus, "the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time." *Murray v. Pataki*, 378 F. App'x 50, 52 (2nd Cir. 2010).

The Court will again direct the U.S. Marshals Service to serve Defendant Bishop with the summons and the Amended Complaint. They cannot successfully serve her, however, until Defendant Bishop's address is ascertained. Although this Court need not do so, it "may undertake measures to discover the identity and address of an unserved defendant." *Mincy v. Hamilton Cnty. Just. Ctr.*, 1:20-CV-00822, 2021 WL 5754729, at *4 (S.D. Ohio Dec. 3, 2021) (Barrett, D.J.). To accomplish this task, the Court may direct the U.S. Marshals Service to take reasonable steps to locate a defendant. *Johnson v. Chambers-Smith*, 2:22-CV-02455, 2024 WL 41595, at *4-5 (Feb. 5, 2024) (Gentry, M.J.). Accordingly, the undersigned will issue specific instructions regarding service.

14

VIII. **CONCLUSION**

In sum, for the reasons stated, the Court **ORDERS** as follows:

1. Defendant Freeman's Motion to Strike (Doc. No. 13) is **DENIED**. Pursuant to Rule 12(a)(4)(A), Defendant Freeman shall file his answer to the Amended Complaint within **FOURTEEN (14) DAYS** from the date of this Order.

2. The Court **CLARIFIES** that Plaintiff's excessive force claims under the Eighth Amendment against Defendants Freeman and Bishop are permitted to proceed in this lawsuit, without the need for equitable tolling. Plaintiff's Motion for Leave of Court (Doc. No. 13) is **DENIED** as moot.

3. The Clerk of Court is **DIRECTED** to provide the United States Marshals Service with a summons and a copy of the Amended Complaint (Doc. No. 12), as well as a copy of this Order, for service on Defendant Bishop.

4. The United States Marshals Service is **DIRECTED** to take reasonable steps to locate and serve Defendant Bishop within the next **FORTY-FIVE (45) DAYS**. The Marshals Service may comply with the terms of this Order by, for example, conducting a public internet search for Defendant Bishop's current address, making reasonable inquiry at Defendant Bishop's former place of employment (i.e., Noble Correctional Institution), and attempting service pursuant to any information obtained.

    a. If the Marshals Service perfects service upon Defendant Bishop, it shall file proof of service **UNDER SEAL**, and the Clerk of Court shall note in a public entry that service has been effectuated.

    b. If, despite its reasonable efforts, the Marshals Service is unable to perfect service, it shall file the Process Receipt and Return, Form USM-285, and describe in the "Remarks" section of that document the steps that it took to locate and effectuate service on Defendant Bishop.

Furthermore, for the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** as follows:

1. That all claims in the Amended Complaint against newly added Defendants that are unrelated to the March 31, 2021 incident be **DISMISSED WITHOUT PREJUDICE**;

2. That all claims in the Amended Complaint against newly added Defendants that are related to the March 31, 2021 incident be **DISMISSED WITH PREJUDICE**;

3. That Plaintiff's equal protection claim in the Amended Complaint against Defendants Freeman and Bishop be **DISMISSED WITHOUT PREJUDICE**; and

4. That Plaintiff's Motion for Injunctive Relief (Doc. No. 15) be **DENIED**.

    **IT IS SO ORDERED AND RECOMMENDED.**

                                                */s/ Caroline H. Gentry*
                                                Caroline H. Gentry
                                                United States Magistrate Judge

**Notice of Procedure on Objections**

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections to the findings within **FOURTEEN** days after being served with this Order and Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order and Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order and Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order and Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).