## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ROBERT J. CONANT,**

      **Plaintiff,**

      v.

**OFFICER DAVID FREEMAN, et al.,**

      **Defendants.**

**Case No. 2:23-cv-1148**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Gentry**

## ORDER

Noble Correctional Institution (NCI) Corrections Officers David Freeman and Shayna Bishop are the two Defendants remaining after Judge Sargus adopted, (*see* Doc. 11; Doc. 26), Magistrate Judge Gentry's earlier Reports and Recommendations (Doc. 7; Doc. 20), which advised that the Court should dismiss all claims in Plaintiff Robert J. Conant's Complaint and Amended Complaint, except the Eighth Amendment excessive force claims Conant brought against Freeman and Bishop. Defendants Freeman and Bishop have now moved for summary judgment on those remaining claims. (Doc. 39). As a result, the Magistrate Judge has issued another Report and Recommendation. (R&R, Doc. 41). That R&R, to which Conant has not objected, advises the Court to grant the motion. The Court agrees, so it **ADOPTS** the R&R in full and **GRANTS** the remaining Defendants' Motion for Summary Judgment (Doc. 39).

## BACKGROUND

Conant, a former NCI inmate, is proceeding pro se in this civil rights action under 42 U.S.C. § 1983. (Doc. 41, #265). The case stems from an incident that occurred in the early hours of the morning on March 31, 2021. (*Id.* at #266). While Conant was away from his cell, Freeman and Bishop approached him because he was "out of place" and "being loud." (*Id.*). Conant then asked Freeman if he could use the restroom. (*Id.*). When Freeman told him he could not, Conant, by his own admission, ignored the order and continued walking toward the restroom. (*Id.* at #267). Freeman then placed Conant against the wall. (*Id.*). Shortly thereafter, Conant pushed off the wall, at which point Freeman "threw [Conant] to the ground." (*Id.*). While some evidence in the record suggests that Conant went unconscious upon hitting the floor, the record does not clearly establish that fact. (*Id.* at #269).

In any event, Conant was taken to NCI's medical facility shortly after the incident, where the examining nurse noted "no signs or symptoms of distress; no discoloration, deformity[,] or swelling of [Conant's] left shoulder; and no injuries." (*Id.* at #267). That same day, Bishop charged Conant with two conduct-rule violations— "disobedience of a direct order" and "being out of place." (*Id.*). The NCI Rules Infraction Board later found that Conant violated three conduct rules, for which Conant received a nine-day punishment in restrictive housing. (*Id.* at #268).

The NCI Deputy Warden also submitted a Review of Use of Force document to the NCI Warden, recommending that the Warden refer the incident to NCI's Use of Force Committee for further investigation of the officers' actions in connection with it. (*Id.*). The Warden concurred with that recommendation. (*Id.*). Then, on April 5,

2021, Conant submitted an internal complaint regarding the March 31 incident. (*Id.*). But two days later, a prison official closed the complaint, writing that "[t]he Use of Force that you were involved in is being reviewed by a Use of Force committee for resolution." (*Id.*). That same day, Conant saw a different nurse at NCI's medical facility who observed no distress, no labored respirations, no bruising on Conant's chest or torso, and "little to no" bruising on Conant's wrists. (*Id.* at #268–69).

In connection with the use-of-force review, NCI Unit Manager Dale Neff examined video footage of the incident,[1] pictures, medical reports, and conduct interviews with Conant, Freeman, Bishop, and three witnesses. (*Id.* at #269). Neff's bottom-line conclusion was that Defendants' use of force was "justified but not appropriate" under the circumstances. (*Id.* at #270). That is, while Neff "agree[d] that force could be utilized in the scenario of [Conant] pushing off the wall," the manner and degree of the force that Freeman and Bishop actually used was "unnecessary." (*Id.*). Additionally, Neff noted that, in his view, the entire situation could have been avoided had Freeman used better interpersonal communication skills. (*Id.*).

Neff's investigation also revealed certain inconsistencies in Freeman's and Bishop's account of the event. For example, Bishop originally claimed that she used Oleoresin Capsicum (OC) spray *before* Freeman took Conant to the ground. (*Id.* at #269). But later, she admitted that she used the spray afterwards. (*Id.*). Further, the video footage revealed Freeman delivered "two knee strikes" to Conant that Freeman did not document in his initial use-of-force report. (*Id.*). The Warden later

---

[1] Defendants have not provided this footage with their summary-judgment motion.

reprimanded Freeman for "exercise[ing] poor judgment by using force on inmate Conant instead of using de-escalation techniques," and issued a corrective counseling letter to Bishop because she changed her story. (*Id.* at #271).

After reciting the relevant background, the Magistrate Judge first considered three of the four defenses that the Defendants asserted in their motion for summary judgment: (1) the "favorable termination" rule from *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) a failure-to-exhaust defense under the Prison Litigation Reform Act (PLRA), and (3) an Eleventh Amendment Immunity defense to Conant's official-capacity claims. (Doc. 41, #271–75). While the Magistrate Judge found the first two defenses lacking, she accepted the third. (*Id.*). In connection with that last defense (which is the only one of these three that affects the outcome for purposes of this Order), the Magistrate Judge agreed with Defendants that the Eleventh Amendment bars Conant's official-capacity claims. (*Id.* at #275). She reasoned that, because "claims against an individual State official in his official capacity are actually claims against the State that employs him," such actions "for money damages are barred by the Eleventh Amendment." (*Id.* (citations omitted)).

The Magistrate Judge then turned to the Defendants' remaining defense, qualified immunity, which they directed against Conant's individual-capacity Eighth Amendment excessive force claims. The Magistrate Judge first laid out the law governing such claims, (*id.* at #278–79), and then the law governing Defendants' qualified immunity defenses, (*id.* at #280–81). Applying both sets of law to the facts here, the R&R concludes that both Defendants are entitled to qualified immunity.

(*Id.* at #282–83). Accordingly, the R&R recommends that the Court grant Defendants' Motion for Summary Judgment (Doc. 39) and dismiss all claims against Freeman and Bishop with prejudice.

The Magistrate Judge issued her R&R on February 27, 2026. The R&R specifically advised Conant that he had fourteen days—until March 13, 2026—to object, and informed him that failure to object may result in him forfeiting his right to de novo review in this Court. (*Id.* at #283–84). Yet he did not do so. Indeed, Conant did not even bother to file an opposition to Defendants' summary judgment motion, notwithstanding that the Magistrate Judge had specifically notified him that a dispositive motion was pending and that his failure to oppose may result in the Court granting that motion. (*See* Doc. 40). In any event, because the time for objections has passed, the matter is ripe for review.

## LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But where, as here, a party fails to file any objection, he forfeits the right to such review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C). That said, even as

to unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). So that is the only review the Court will provide.

The R&R recommends summary judgment for Defendants on Conant's remaining Eighth Amendment claims. The Court finds no clear error in that recommendation and therefore adopts the R&R in its entirety.

1. To start, the R&R did not clearly err in finding that the Eighth Amendment provides the proper rubric to analyze Conant's claims. Conant was a convicted prisoner at the time of the incident, and "all post-conviction excessive force claims are to be raised 'exclusively under the Eighth Amendment's cruel and unusual punishment clause.'" *Pelfrey v. Chambers*, 43 F.3d 1034, 1036–37 (6th Cir. 1995) (quoting *Cornwell v. Dahlberg*, 963 F.2d 912, 915 (6th Cir. 1992)). So the R&R did not clearly err on that front.

2. The Court likewise finds no clear error in the Magistrate Judge's conclusion that the Eleventh Amendment precludes Conant's official-capacity claims. The Eleventh Amendment bars suits for damages against states in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citation omitted). While states are free to waive that immunity, the State of Ohio has not, as a general matter, done so. *See Johns v. Sup. Ct. of Ohio*, 753 F.2d 524, 526 (6th Cir. 1985). Official-capacity claims against a given defendant under § 1983 actually run against that defendant's

employer. *Colvin v. Caruso*, 605 F.3d 282, 289 (2010) (citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver.")). Here, the State of Ohio employs the Defendants. So the Eleventh Amendment bars Conant's official-capacity claims.

3.      Nor did the Magistrate Judge clearly err in holding that qualified immunity bars Conant's individual-capacity claims. The relevant burdens of proof, coupled with Conant's failure either (1) to oppose the summary judgment motion, or (2) to object to the R&R show why that is so.

When it comes to qualified immunity, "[t]he defendant bears the initial burden of coming forward with facts to suggest that he acted within the scope of his discretionary authority during the incident in question." *Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000) (citing *Wegener v. Covington*, 933 F.2d 390, 392 (6th Cir. 1991)). If the defendant succeeds on that front, "the burden shifts to the plaintiff to establish that the defendant's conduct violated a right so clearly established that any official in his position would have clearly understood that he was under an affirmative duty to refrain from such conduct." *Id.* (citing *Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1095 (6th Cir. 1992)). In other words, while qualified immunity is an affirmative defense, "[t]he ultimate burden of proof is on the plaintiff to show that the defendant is not entitled to qualified immunity." *Id.*

Here, Defendants offered facts demonstrating that they acted within the scope of their authority in their motion for summary judgment. Yet, Conant did not respond

to that motion. That resulted in forfeiture, meaning that Conant did not carry his burden. *See Paul v. Whitely Cnty., KY, Detention Ctr.*, No. 24-5142, 2024 WL 4362260, at *2 (6th Cir. Sep. 30, 2024) ("[T]he district court correctly found that Paul forfeited the issue of qualified immunity by failing to respond to Philpot's assertion of the defense."); *Doe v. Bd. of Regents of Univ. of Mich.*, No. 22-2095, 2023 WL 5095799, at *2 (6th Cir. Aug. 9, 2023) (affirming grant of qualified immunity because plaintiff "failed to make any argument in the district court that the individual defendants were not protected by qualified immunity"). His additional failure to object to the R&R is merely icing on the forfeiture cake.

Accordingly, on the record here, the R&R did not clearly err in finding that qualified immunity bars Conant's personal-capacity claims.

## CONCLUSION

For these reasons, and principally because Conant has forfeited his arguments both by failing to respond to the motion for summary judgment and by failing to object to the R&R, the Court **ADOPTS** the R&R (Doc. 41) in its entirety and **GRANTS** the remaining Defendants' Motion for Summary Judgment (Doc. 39) on all remaining claims. The Court further **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

**SO ORDERED.**

March 24, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

8